IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1834, IN THE NINETEENTH
YEAR OF THE STATE.

---

## SHIRKEY *v.* HANNA and Another.

A joint mortgage to two persons to secure debts due to them severally, may be
foreclosed on a joint bill filed by the mortgagees.

It is no objection to a decree for the complainants in such a case, that all the land
mortgaged is ordered to be sold.

ERROR to the *Union* Circuit Court.

*Monday,*
*November 24.*

M'KINNEY, J.—This is a suit in chancery brought by *Hanna* and *Harlan*, to foreclose a mortgage executed to them by *Shirkey*.

The bill in substance states, that *Shirkey* being indebted to the complainants in the sum of 1,161 dollars and 82 cents, on the 26th day of *November*, 1832, executed a note under seal to *Samuel Hanna*, for 506 dollars and 85 cents, payable on or before the 1st day of *August*, 1833, with interest at the rate of 12 *per cent. per annum* until paid; and that he also executed another sealed note to *John Harlan*, on the same day and payable at the same time, for 654 dollars and 97 cents, and bearing the same rate of interest; that *Shirkey* being seized in fee

simple of the north-west quarter of section 19, township 19, range 14, except, &c. situate and being in *Union* county, on the 26th day of *November*, 1832, to secure to the complainants the payment of the said sum of 1,161 dollars and 82 cents, by deed of mortgage between the said *Shirkey* of the first part, and the said complainants of the second part, in consideration of the said sum, conveyed to the complainants the said land. The bill further charges, that the said sums of money have long since become due and payable but remain unpaid. Prayer, that *Shirkey* and his heirs may be foreclosed of the equity of redemption, &c. and that the land may be sold, &c.

The defendant demurred to the bill, on the ground that a joint bill could not be maintained, the interests of the mortgagees being several. The demurrer was overruled, and on the defendant's refusal to answer, a decree was rendered in favour of the complainants.

The decree is complained of, 1st, Because the Circuit Court overruled the demurrer to the bill; 2dly, Because it directs the sale of all the land mortgaged. We apprehend that, on examination, neither of the objections to the bill will be found tenable.

The rule of law is certainly indisputable, as assumed, that if a man covenant with two or more jointly, yet if the interest and cause of action be several, the covenant shall be taken to be several, though the words of the covenant be joint. But we do not think that that rule applies to the case before us. The debts of the complainants were unquestionably several, and several suits must have been brought at law, if, exclusive of the security afforded for payment by the land mortgaged, they had looked to other means possessed by their debtor for payment. The debts, though several, were secured by land mortgaged to them jointly, and it would seem that their interest in such security being joint, they could only have proceeded as they have done, by joining in the bill to foreclose. The cases of *Lowe* v. *Morgan*, 1 Bro. Ch. Cas. 368, and *Palmer* v. *Carlisle*, 1 Sim. & Stu. 423, are accordant with this view. The latter was a bill to foreclose, brought by one of two mortgagees, each having lent a certain sum on the mortgage, and it was held that there could be no foreclosure or redemption, unless the parties entitled to the whole mortgage-money were before the Court. Other adjudications go as far. Without

dwelling upon the reasons that sustain this principle, we are satisfied that the demurrer was correctly overruled.

·The second objection is without weight. Sales of land mortgaged, are, by statute, to be governed as sales of land under executions from the common law side of the Circuit Courts. There is no conflict with this statutory requirement by the decree.

. *Per Curiam.*—The decree is affirmed with 2 *per cent.* damages and costs:

*J. Rariden*, for the plaintiff.

*J. Perry*, for the defendants.