*J. Ryman*, for the plaintiff.
*D. S. Major* and *A. Brower*, for the defendant.

---

## WATTS and Others *v.* PALMER.

Bill to foreclose a mortgage upon premises a part of which had been aliened after the execution of the mortgage, but before the filing of the bill. Decree for the sale of the whole premises. The record did not show that the part of the lot not aliened was sufficient to discharge the amount of the decree and costs, nor that the Court improperly exercised its power in decreeing the sale of the whole. *Held,* that under the R. S. 1843, the decree was not objectionable.

Nov. Term,
1853.

WATTS
v.
PALMER.

Saturday,
December 24.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—Bill in chancery to foreclose a mortgage. The bill alleges, *inter alia*, that *George W. Palmer* sold and conveyed to one *Benjamin Mayhew* a lot of ground in *Lawrenceburgh*. To secure a part, viz., 100 dollars, of the purchase-money thereof, *Mayhew* executed and delivered a mortgage to *Palmer*, to foreclose which the bill was filed. It is further alleged, that after the execution of the mortgage, *Mayhew* conveyed the one undivided half to *Squire Watts*, one of the plaintiffs in error, who, at the time of the conveyance to him, had full knowledge of the mortgage. *Mayhew* died intestate before the commencement of this suit, leaving his wife, who is a defendant to the bill, and four minor children, his only heirs, who are also defendants.

The record shows that process was served upon all the defendants. The minors answered by their guardian *ad litem*. The other defendants made default, and a decree *pro confesso* was entered against them. The Court, on final hearing, ordered the lot in question to be sold, &c., for the payment of the debt, &c.

It is contended that the Court erred by ordering the whole of the premises to be sold, &c.; that a part of them had been aliened, and the decree should have ordered the part not aliened to be first offered for sale, &c. The law applicable to the question thus presented is in the R. S. 1843, c. 29, s. 33 : " Whenever a bill shall be filed for the foreclosure or satisfaction of a mortgage, the Court shall have power to decree a sale of the mortgaged premises, or such parts thereof as may be sufficient to discharge the amount due on the mortgage and the costs of suit," &c. The Court, in accordance with the power thus given, ordered the whole of the mortgaged premises to be sold. There is nothing in the record tending to show an improper exercise of that power in the case before us. Had it appeared by proof satisfactory to the Court, that the part of the lot not aliened was sufficient to discharge the amount due and costs, this case might present a different

question. But it does not appear that the premises were
worth more than the debt. 3 Blackf. 403.—3 Ind. R. 401.

*Per Curiam.*—The judgment is affirmed, with 1 per
cent. damages and costs.

P. L. *Spooner*, for the plaintiffs.
N. T. *Hauser*, for the defendant.

