McMannus *et al. v.* Smith.

McMANNUS ET AL. *v.* SMITH.

53 211
142 223

PLEADING.—*Answer.*—A paragraph of pleading filed by a defendant cannot be regarded both as a pleading alleging a defence and as a pleading seeking affirmative relief.

SAME.—*Counter Claim.*—*Action for Recovery of Real Property.*—In an action for the recovery of the possession of real estate, a pleading filed by the defendant alleged that he was the owner in fee simple of the real estate, describing it, and that the plaintiff was claiming and pretending to hold some interest therein as heir-at-law of a person named, and was endeavoring to dispossess the defendant, which claim was a cloud upon his title. Prayer, that the defendant's title be quieted and that the plaintiff be enjoined from setting up his claim.

*Held,* that this pleading was a counter-claim, and was sufficient to authorize the relief sought.

SAME.—*Pleading Title.—Fee Simple.*—In pleading title in fee simple, it is only necessary to simply state it, without alleging its derivation ; and if a party pleading such title, in alleging his chain of title, leaves some of the links blank, this will not vitiate his pleading.

From the Owen Circuit Court.

*J. H. Stotsenburg,* for appellants.

*S. Stansifer,* for appellee.

BIDDLE, J.—Complaint in the usual form by the appellants against the appellee, to recover the possession of lands. Answer :

1. General denial.

2. Statute of limitations.

3. "And for further and third answer in this behalf, and. by way of cross-bill, the defendant says that he is the owner in fee simple of the lands in the complaint described, to wit," describing them the same as they are described in the complaint, then setting out his chain of title, several links of which, however, are blanks, in not stating the names of the vendors and vendees, dates, etc. The paragraph then concludes by averring, " that said plaintiffs are claiming and pretending to hold some interest in said lands as heirs-at-law of said Archer, and are endeavoring to dispossess him, which claim the defendant says is a cloud upon the title." Prayer, to quiet the title and enjoin the appellants from setting up any claim thereto. The appellants demurred to the third paragraph of answer, alleging, for cause of demurrer, that it " does not contain facts sufficient to constitute an answer to plaintiff's complaint, nor a cause of action against the plaintiff." The demurrer was overruled by the court, and the appellants refusing to plead further, judgment was rendered that the plaintiffs take nothing by their suit, and that the defendant recover his costs.

The third paragraph is pleaded as an answer and also as a cross-bill. This is not the approved practice in pleading. It should have been pleaded as the one or the other, and must be held to be one or the other, as the facts alleged will warrant, or insufficient for either. It

cannot be both. *Campbell* v. *Routt*, 42 Ind. 410. It is not an answer, for it neither denies nor confesses and avoids. True, it is analogous to the plea to an action founded on the ancient *writ of right* to recover possession in fee simple, under which the claimant was bound to allege seizin of the lands in himself, and then derive his title from such person to himself; to which the tenant might answer by denying the claimant's right and averring that he had a better right to hold the lands than the claimant had to demand them. In such an action, which was never brought except to test the fee simple, on the trial, one affirmative was met by another affirmative, and the stronger one prevailed. Thus the right to the land in fee simple was settled forever. This was called a real action, as distinguished from personal and mixed actions.

But real and mixed actions are now abolished in England by the statute of William Fourth; and the *writ of right* was never introduced into American jurisprudence. Indeed, it had fallen into disuse in England before the time of Blackstone, and given place to the easier form of ejectment, although it decided only the right of possession.

Is the third paragraph good as a counter-claim? This is the next question to be settled. It is called in the pleading a cross-bill, but our code does not even mention the word. The cross-bill was applicable only to chancery practice; but the code abolished the distinction between actions at law and suits in equity, and adopted the counter-claim as applicable to the present mode of procedure in all cases when, formerly, the cross-bill would have been the proper practice. The counter-claim in this case alleges the fee simple of the lands in the defendant, describing them, and avers "that said plaintiffs are claiming and pretending to hold some interest in said lands, as heirs-at-law of said Archer, and are endeavoring to dispossess him, which claim the defendant says is a cloud upon the title," and then prays to have his title quieted and the plaintiffs enjoined from setting up their claim. We think this is sufficient to authorize the

relief prayed for. The appellants, however, insist that the counter-claim is insufficient in not setting out the appellee's title properly. It is true, the appellee, in alleging his chain of title, has left several links blank, but it was not necessary to allege its derivation at all. In pleading a fee simple, it is only necessary to simply state it, because it includes the entire interest in the land; but in pleading an estate in lands less than a fee simple, it must be particularly described, or it would not appear what part of the fee simple it was, either in quantity of estate, time of its duration, or whether in severalty, coparcenary, or in common, or what one of the numerous parts into which the fee simple may be divided. *Knight* v. *McDonald*, 37 Ind. 463.

It seems to us that the court, upon overruling the demurrer to the counter-claim, and the appellants failing to plead further, might have granted the relief prayed for, instead of simply rendering a judgment for costs; but if this satisfied the appellee, the failure of the court to grant him other relief is not an error of which the appellants can complain.

The judgment is affirmed, with costs.