THE JEFFERSONVILLE, MADISON AND INDIANAPOLIS R. R. Co. *v.* OYLER.

REAL ESTATE.—ACTION TO QUIET TITLE.—*Complaint.*—In an action to quiet the title to certain real estate, the complaint described the same, alleged that the title thereto, in fee-simple, was in the plaintiff, and that the defendant was claiming some pretended title thereto, adverse to the plaintiff, but did not particularly describe such pretended title.

*Held,* on demurrer, that the complaint was sufficient.

SAME.—*Counter-Claim.—Adverse Possession Under Color of Title.—Notice.—Recording Deed.—Release.—Railroad.*—In an action against a railroad company, to quiet title and recover damages, the defendant answered, that, more than twenty years prior to the execution of the deed under which the plaintiff claimed title, the defendant's corporate predecessor had surveyed its route through the county wherein the real estate in controversy

was situated, but had not located the same; that the plaintiff's grantor, to secure the location of the railroad on such land, had executed to such predecessor his conveyance or release, of that date, of the real estate in controversy, releasing for himself, his heirs, administrators and assigns, the real estate in controversy, and all claims for damage for its occupancy; that thereupon such predecessor had constructed its track thereon, using for that purpose a part only of the same, and that the part unused therefor, being that part to which the plaintiff claimed title, adjoined such track; that thereafter, until the conveyance to the plaintiff, and until the commencement of the action, such predecessor, the defendant and its lessees, had, under claim of title to the whole strip conveyed, daily and many times each day run its engines and trains over its track, of which fact the plaintiff had notice at the time of his purchase; and that the defendant claimed title to the real estate in controversy, in fee-simple, by reason of such adverse possession under color of title.

*Held*, on demurrer, that such answer is sufficient as a counter-claim.

*Held*, also, that the possession alleged in the counter-claim was sufficient to have put the plaintiff on his inquiry as to the defendant's title, regardless of the fact as to whether such release had or had not been recorded.

*Held*, also, that adverse possession of land by a tenant is notice to all the world, that he can maintain his title against all the world.

*Held*, also, that adverse, naked possession, without color of title, is notice of the possessor's claim only to the extent of the land occupied.

From the Johnson Circuit Court.

*C. Baker, O. B. Hord, A. W. Hendricks, G. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. P. Oyler*, for appellee.

BIDDLE, J.—The appellee brought this action, against the appellant, upon the following complaint:

"Samuel P. Oyler, plaintiff, complains of the Jeffersonville, Madison and Indianapolis Railroad Company, defendant, and says, that he, plaintiff, is the owner in fee-simple of lots number sixteen, twenty, twenty-one and twenty-three, in Hamilton and Oyler's addition to the city of Franklin, in Johnson county, State of Indiana; that the track of the railroad of the defendant crosses the western end of the lots aforesaid, the western line of said lots, as located and platted, being the centre of the railroad track aforesaid; that an amount of said lots, not exceeding fifteen feet of the western end thereof, is am-

ply sufficient for the proper maintenance of the track of said railroad, and for the safe and secure passage of the trains thereon; that, for more than twenty years last past, until the 21st day of July, 1875, no greater amount than fifteen feet of the west end of said lots has ever been used or appropriated for the right of way across the same of said railroad, or for railroad purposes; that the defendant is setting up a pretended title and claim to fifty feet in width of the west end of said lots, and upon the 21st day of July, 1875, without the leave or license of this plaintiff, did, by her agents, servants and employees, enter upon said lots, the property of the plaintiff, and erect in and upon said lots, at a distance of fifty feet from the centre of her said railroad track, a post and plank fence, thereby obstructing the free use of said lots by this plaintiff; and the plaintiff says, that the defendant has no title or right to or upon said lots, at the point where they erected said fence; that the acts of defendant, as aforesaid, are a cloud upon the title of the plaintiff in and to said lots. Wherefore he prays judgment of this court for the quieting of his title in said lots, for two hundred dollars in damages, and for all other proper relief."

A demurrer, alleging the insufficiency of the facts averred to constitute a cause of action, was overruled to the complaint, and exceptions reserved by the appellant.

The appellant then filed what it calls its "answer and cross-complaint," but which must be regarded as a counter-claim, in the following words:

"The said defendant, for answer to the plaintiff's complaint, answering, says, that respondent admits that the plaintiff is the owner in fee of the four lots mentioned in the plaintiff's complaint, but insists that the said four lots do not extend to the middle of the track of the Jeffersonville, Madison and Indianapolis Railroad Company, but that the western line of each of said lots is fifty (50) feet east of the middle of said railroad track; that the

roadway of this respondent, at the point at which said lots respectively adjoin the same, is one hundred feet wide, and includes what the plaintiff claims to be fifty feet off the west end of each of said lots. This respondent claims, that, by virtue of the facts hereinafter stated, those lots in Hamilton and Oyler's addition to the city of Franklin, which adjoin the roadway of the Jeffersonville, Madison and Indianapolis Railroad, including the four lots mentioned in the plaintiff's complaint, were, in making and recording said plat, wrongfully made to appear to extend west to the centre of the railroad track of the railroad of this respondent, each lot as thus platted encroaching upon the roadway of this respondent and extending fifty feet west of the line to which the makers of said plat had a right to extend said lots; in other words, this respondent, by virtue of the facts stated and the title hereinafter pleaded, claims to be the owner, in fee-simple, of the ground through which its road passes, adjacent to said lots, extending from the centre of the track of said railroad, east, until it strikes said lots, and embracing fifty feet off, what the plaintiff claims to be, the west end of each of said lots.

" The facts, upon which this respondent relies to support this claim, and as a defence to the plaintiff's action, are as follows, to wit:   That, long prior to the construction, or even to the projecting, of the Madison and Indianapolis Railroad, by the State of Indiana, one Garrett C. Bergen was the owner in fee-simple of the north-east quarter of section No. fourteen (14), in township No. twelve (12) north, of range four (4) east, in Johnson county, Indiana, through which quarter section of land the said railroad was subsequently constructed, as hereinafter stated; that the said Bergen continued to be the owner, in fee-simple, of the whole of said quarter section, until he conveyed to the Madison and Indianapolis Railroad Company, and to Robert Hamilton and the plaintiff, as hereinafter stated; that, prior to the 22d day of June,

1843, the State of Indiana had projected a railroad one hundred feet in width, from Madison, Indiana, through the [then] town, but now city, of Franklin, in said county of Johnson, to Indianapolis, in the county of Marion, in said State, and had constructed some twenty or more miles thereof, the said finished portion of said road commencing at Madison, Indiana, and extending northward in the direction of Franklin and Indianapolis, aforesaid.

" That, prior to the last named date, the Madison and Indianapolis Railroad Company had become, and was, organized and incorporated as a railroad corporation by and under the laws of the State of Indiana, and had succeeded to the rights of the State, of, in and to the said Madison and Indianapolis Railroad, and become and was, under its charter, entitled to complete and perpetually operate the unfinished portion thereof, including that part of it which was projected through said county of Johnson, no part of said road in said last named county being then constructed.

" That the said Madison and Indianapolis Railroad Company, prior to and on said 22d day of June, 1843, had surveyed the route of said railroad through Johnson county aforesaid, and through said quarter section of land, but had not made a final location of the road; that said Garrett C. Bergen, so being the owner of said quarter section of land, on said 22d day of June, 1843, sealed, executed and delivered to the said railroad company his release or conveyance, of that date, whereby he, the said Garrett C. Bergen, for and in consideration of the advantage which might or would result to the public in general, and to himself in particular, by the construction of the Madison and Indianapolis Railroad as then surveyed, or as the same might be finally located, and for the purpose of facilitating the construction and completion of said work or road, did, for himself, his heirs, executors, administrators and assigns, release and relinquish, to the Madison and Indianapolis Railroad Company aforesaid, one

hundred feet in width, as the right of way for so much
of said railroad as might pass through said quarter sec-
tion of land, and the said Bergen, by the same instrument,
released and relinquished to said company all damages
and right of damages, which he might sustain or be en-
titled to by reason of any thing connected with or con-
sequent upon the construction of said road, or the repair-
ing thereof when finally established and completed, a copy
of which instrument is herewith filed, marked 'Exhibit
No. 1,' and is prayed to be taken as a part of this answer.
And the defendant avers, that, after the execution of said
instrument, and in the year ——, the said railroad was
finally located and constructed through said quarter sec-
tion of land, according to said previous survey of the
route thereof, on the centre line of said one-hundred-foot
strip of ground so relinquished to said company; and the
said Madison and Indianapolis Railroad, from the time
of said completion of said road to the time of the con-
solidation of the Madison and Indianapolis Railroad Com-
pany with the Jeffersonville and Indianapolis Railroad
Company, as hereinafter stated, continuously occupied
the said one-hundred-foot strip of ground so relinquished
to that company, by occupying the centre line of said one
hundred feet of ground with the track of its railroad, the
middle of said track being, during all that time, on the
said centre line of said one-hundred-foot strip of ground,
and the trains and cars of said Madison and Indianapolis
Railroad Company being continuously, during all that
time, run daily and many times a day over said track;
and the said defendant says, that the said plaintiff derives
the only title he has, or pretends to have, to said land,
from and through the said Garrett C. Bergen, by virtue
of a deed of conveyance, dated, executed and delivered
by the said Bergen and his wife to the said Samuel P.
Oyler and one Robert Hamilton on the 8th day of No-
vember, 1865, whereby the said Bergen and wife conveyed
to the said Oyler and Hamilton, as far as they had a right

thus to convey, all that part of said quarter section of land which then was and still is east of the centre of said Madison and Indianapolis Railroad; the said conveyance, by the terms thereof, made the centre of said railroad track the west line of the one hundred and fifty-five and one-half (155½) acres conveyed by said deed; that, at the time of the execution of said deed, the said railroad was in full operation on the centre of said one-hundred-foot strip of ground through said quarter section of land, running trains over the same daily and many times each day, and that the land conveyed by said deed was not then subdivided or laid off or platted as town or city lots, but included the ground which, by the subdivision and platting hereinafter mentioned, became and constituted the four lots mentioned in the complaint.

" That afterwards, on the 29th day of May, 1866, the said Hamilton and Oyler laid off and platted the land so conveyed to them by said deed, with [into] town or city lots, as Hamilton and Oyler's addition to the city of Franklin aforesaid, the four lots mentioned in the plaintiff's complaint being a part of said addition, and, by the recording of said plat of said addition, the said four lots, part and parcel of the land so conveyed to said Hamilton and Oyler by said deed, for the first time became town or city lots in the month of May, 1866; that the said Hamilton and Oyler, in making and recording said plat of said addition, caused the said four lots mentioned in said complaint, as well as other lots in said addition, to be extended through the eastern half of said one-hundred-foot strip of ground to the centre of the track of said railroad, just as if said strip of ground never had been conveyed by said Bergen to said railroad company, as aforesaid, and just as if said railroad had never existed; and the said Hamilton and his wife having subsequently conveyed to said Oyler their interest in said lots, the said Oyler now pretends that the said conveyance of said strip of ground,

by said Bergen and wife, to said Madison and Indianapolis Railroad Company, is not binding upon him.

"And the defendant further avers, that, a short time prior to the making and recording of said plat, to wit: in April, 1866, the Madison and Indianapolis Railroad Company and the Jeffersonville and Indianapolis Railroad Company, in pursuance of the statutes of the State of Indiana on that subject, by proper articles of association, duly recorded in the proper counties, consolidated and became one corporation, by the name of the Jeffersonville, Madison and Indianapolis Railroad Company, whereby the said last named company succeeded to all the property, rights, privileges and franchises of the said Madison and Indianapolis Railroad Company, and by said consolidation all the title to and interest in said strip of ground, previously owned by the said Madison and Indianapolis Railroad Company, was vested in respondent, as fully as it was previously held by said company last named. And the said defendant further avers, that, ever since said consolidation, the defendant, or its lessee, has continuously operated said railroad over the centre of said one-hundred-foot strip of ground, by running trains daily, and many times each day, over the same. And this defendant insists that the running of trains by the Madison and Indianapolis Railroad Company over said railroad track, through said quarter section of land, prior to said consolidation, and by this defendant since said consolidation, as hereinbefore mentioned, constituted not merely an occupancy of the narrow strip of ground upon which the superstructure of the road rests, but constituted an actual occupancy of the entire one-hundred-foot strip of ground, granted by the said Bergen and wife as aforesaid, and upon the centre of which said railroad was constructed and operated as aforesaid, and that the width of roadway necessary for the operation of said railroad, and for keeping the same in repair, is not an open question, but was settled and

fixed at one hundred feet in width, by the relinquishment so made by the said Bergen to the said Madison and Indianapolis Railroad Company, and by the acceptance of said railroad company of said relinquishment; that the fence mentioned in said complaint was erected by the lessee of this defendant, to wit: by the Pennsylvania Company, upon the eastern line of the said one-hundred-foot strip of ground, and within fifty feet from the centre of the track of said railroad. And this defendant insists, that, by reason of the facts hereinbefore pleaded, the said lessee had a right to erect said fence at the place where it was erected and where it now stands. And this defendant insists, that, by force and effect of the matters hereinbefore pleaded, and not otherwise, this defendant is the owner, in fee-simple, of the fifty feet of ground between the centre of said railroad track and the said four lots mentioned in the complaint and claimed by the plaintiff as a part of said four lots; or, if respondent should be mistaken in this, respondent insists, that, at all events, respondent, by virtue of the facts hereinbefore pleaded, has a perpetual right of way over said one-hundred-foot strip of ground, for the use of said railroad, to the whole width of said one-hundred-foot strip of ground, and including the west end of said four lots, and that, so far as said four lots encroach upon said strip of ground, the plaintiff holds the same subject to the perpetual right of way of this defendant, so as afore-conveyed by said Bergen and wife to said Madison and Indianapolis Railroad Company, and that, whether respondent's interest in said strip of ground be a fee-simple or a perpetual right of way, the plaintiff has no cause of action against the respondent; and this respondent prays that this answer may be taken and considered as a cross-complaint in this cause, and that the respondent's title to said strip of ground adjacent to said four lots, extending fifty feet east of the centre of said track, may be

quieted against the pretended claim of the plaintiff set up in his complaint."

To this counter-claim the appellee demurred, for the alleged reason that it did not state facts sufficient to constitute a defence to the complaint, which demurrer was sustained. The appellant excepted, and declined to answer further, whereupon the court rendered final judgment for the appellee.

The complaint in this case is sufficient. It alleges title in the appellee, and avers, that the appellant claims an adverse title. The adverse title in such cases need not be particularly stated. A plaintiff can not be supposed to know the defendant's title, and therefore need not set it forth, further than to show that the defendant claims some title which is adverse to the plaintiff's. *Gillett* v. *Carshaw*, 50 Ind. 381; *Watkins* v. *Brunt*, 53 Ind. 208; *McMannus* v. *Smith*, 53 Ind. 211; *Marot* v. *The Germania, etc., Ass'n*, 54 Ind. 37; *Graham* v. *Graham*, 55 Ind. 23.

And we think the counter-claim is sufficient. It shows new matter sufficient to constitute a cause of action, and asks affirmative relief; and the title it sets up to the land in dispute is superior to that shown in the complaint. The appellee purchased his title with the knowledge that the appellant was in possession of the land in dispute, or some part of it. Such possession was sufficient to put him upon enquiry to ascertain what the nature of the appellant's title was, and, if he failed to enquire, he bought at his peril. The appellee contends, however, that all the notice he had, and was bound to regard, was the possession of the fifteen feet of ground adverse to his purchase, and which he concedes to the appellant; and that "An adverse title founded upon naked possession is limited to the particular land over which the party exercises palpable and continuous acts of ownership," and cites the case of *Bell* v. *Longworth*, 6 Ind. 273.

This is good law as far as it goes, but the same case from which it is cited also holds: "But if one enters

under color of title by deed or other written document, and occupies and improves the land, he acquires, in law, actual possession to the extent of the boundaries contained in the writing, and this, though the title conveyed to him by the deed is good for nothing." The true principle is, that the adverse possession of a tenant is notice to all the world that he can maintain whatsoever title he has against all the world. If his possession is naked, without color of title, it is notice only to the extent of his actual visible possession; if his possession is under a conveyance to him in fee-simple, that is the extent of the notice; and so of any intermediate title, although the purchaser against his right may have no knowledge of his title, except his possession. The counter-claim we are considering shows title in the appellant by deed from Garrett C. Bergen, made in 1843, and subsequent continuous possession of the land in dispute, under the deed, to the commencement of this suit, and avers, that the only title which the appellee holds is by deed from the same vendor, made in 1865, to the appellee and Hamilton, and a subsequent conveyance by Hamilton and wife to the appellee. When the appellee and Hamilton purchased from Bergen, the possession of the land, by the appellant, was notice to them of whatever title the appellant had, and they can stand in no better position than Bergen, if he was prosecuting the suit; and of course the appellee can stand in no better position under Hamilton's deed than Hamilton could himself. The fact, that Bergen's deed to the appellant was not recorded before the purchase of the appellee and Hamilton from Bergen, is not material; the actual notice to the appellee and Hamilton, of the possession of the land by the appellant, was equivalent to constructive notice by record. *Crassen* v. *Swoveland*, 22 Ind. 427; *Paul* v. *The Connersville, etc., R. R. Co.*, 51 Ind. 527; *McMannus* v. *Smith*, 53 Ind. 211; *Johnston* v. *Glancy*, 4 Blackf. 94; *Moreland* v. *Lemasters*, 4 Blackf. 383; *M'Culloch* v. *Cow-*

*her*, 5 Watts & S. 427; *Hiern* v. *Mill*, 13 Ves. 114; *Landes* v. *Brant*, 10 How. 348, 375.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the counter-claim, and for further proceedings.