No. 10,174.

THE ÆTNA LIFE INSURANCE COMPANY v. FINCH ET AL.

84  301
132  506
84  301
140  397

MORTGAGE.—*Foreclosure.*—*Joint Action by Owners of Notes.*—Where a mortgage is made to two or more persons to secure notes belonging to each of them, a joint action may be maintained by them to foreclose such mortgage.

SAME.—*Description of Notes in Mortgage.*—The law does not require literal exactness in describing a debt secured by a mortgage, and a statement that it is given to secure notes amounting to a specified sum, drawing a certain named interest, held by A., B. and C., upon which D. and E. are sureties, is a sufficient description.

SAME.—*Counter-Claim by Senior Mortgagee.*—A senior mortgagee, who is made a defendant in a proceeding to foreclose a junior mortgage, may in such case by counter-claim foreclose such mortgage.

SAME.—*Indemnifying Mortgage.*—*Statute of Limitations.*—In an action to foreclose a mortgage given to indemnify the mortgagee against the payment of money as surety, brought more than six years after the payment of the money, the six years' statute of limitations does not apply, as the action is upon the mortgage and not upon an implied promise to repay the money.

SAME.—*Notes Secured by Mortgage.*—*Presumption.*—*Evidence.*—Where, in such action, it is averred that certain notes are secured by the mortgage, and they correspond with the description contained in the mortgage so far as it goes, this fact, coupled with the possession of the notes by the mortgagee, raises such a presumption as entitles them to be read in evidence.

From the Gibson Circuit Court.

*T. R. Paxton*, for appellant.

*L. C. Embree* and *H. A. Yeager*, for appellees.

BEST, C.—The appellant brought this action to foreclose a mortgage executed to it by the appellees Peyton R. Finch and Lavinia, his wife, upon several parcels of land in Gibson county, Indiana, on the 15th day of May, 1877, to secure the payment of a note of $800, due five years after that time, and against George W. Finch, executor of the estate of William Finch, deceased, George Drysdale, administrator of the estate of Calvin Drysdale, deceased, Albert W. Douglass, Avery Allen and Ann Cully, each of whom, it was alleged, held a lien upon the premises in the complaint described, subject and junior to ap-

pellant's mortgage, upon which $1,000 was alleged to be due and unpaid.

An answer in denial was filed. The appellees Albert W. Douglass, Avery Allen and Ann Cully joined in a counter-claim, in which they alleged substantially that Peyton R. Finch, William Finch, deceased, and Calvin Drysdale, deceased, on the 7th day of June, 1873, executed to Albert W. Douglass their note for $400, payable one year thereafter, with ten per cent. interest and five per cent. attorney fees; that said makers, on the 10th day of March, 1873, executed to said Douglass their note for $633, payable one year thereafter, with ten per cent. and attorney fees; that said makers, on the 16th day of November, 1874, executed to said Douglass their other note for $100, payable one year thereafter, with ten per cent. interest and attorney fees; that said makers, on the 31st day of March, 1874, executed to Ann Cully their note for $200, payable one year thereafter, with ten per cent. and attorney fees; that said makers, on the 20th day of January, 1875, executed their note to Avery Allen for $500, payable one year thereafter, with ten per cent. interest and attorney fees; that each of said notes, with the interest thereon, except a portion of the latter, which had been paid by William Finch, deceased, was due and re-mained unpaid. It was further averred that Peyton R. Finch was the principal in each of said notes, and that, for the pur-pose of securing their payment and to indemnify his sureties against loss, said Peyton R. Finch and his wife Lavinia, on the 5th day of February, 1876, executed to said William Finch and Calvin Drysdale, then in life, a mortgage upon the land embraced in the appellant's mortgage, in which they expressly agreed to pay said notes; that said mortgage was duly recorded in the mortgage records of said county within forty-five days after its execution, and that said Peyton R. Finch has since been insolvent. The amount of the attorney fees is alleged. Prayer that the mortgage be foreclosed, the amount found due be adjudged the prior lien, and for other relief.

A demurrer by the appellant for the want of facts was over-

ruled to this counter-claim, and an answer of four paragraphs was filed. A reply to this answer closed the issues between the appellant and these appellees.

The appellee George W. Finch, as executor of the estate of William Finch, deceased, filed a counter-claim in which he alleged substantially the same facts that were alleged in the counter-claim of Douglass, Allen and Cully. In addition thereto he alleged that his testator, by reason of his suretyship, had been compelled to pay upon said notes, at different times, in the aggregate, $725; that his estate was liable for the balance due upon said notes, and he sought a foreclosure for the amount paid and the amount remaining unpaid.

A motion by appellant to strike out this counter-claim was overruled, a demurrer for the want of facts was also overruled, after which the appellant filed an answer of four paragraphs. A demurrer was sustained to the second and fourth paragraphs of the answer, and a reply in denial closed the issues between the appellant and this appellee.

Issues were also formed upon a counter-claim filed by George W. Drysdale, administrator of Calvin Drysdale, deceased, but as no question arises upon them no further notice will be taken of them.

The issues thus formed were submitted to the court for trial, and a finding was made for the appellees Albert W. Douglass, Avery Allen and Ann Cully, upon their counter-claim, for the amounts respectively due them upon said notes, and for George W. Finch, executor as aforesaid, upon his counter-claim, for the amount his testator had paid as surety upon said notes, as against appellant, the mortgagors, and George W. Drysdale. A finding was also made for appellant for the amount due upon its mortgage as against the mortgagors and said Drysdale. Over a motion for a new trial, final judgment was rendered upon the finding, adjudging the appellant's lien to be junior and subject to the lien created by the other mortgage.

The appellant by the proper assignments of error insists that the court erred, as follows:

First. In overruling the demurrer to the counter-claim of Douglass, Allen and Cully.

Second. In overruling appellant's motion to strike out the counter-claim of George W. Finch.

Third. In overruling the demurrer to said counter-claim.

Fourth. In sustaining the demurrer to the second paragraph of appellant's answer to said counter-claim.

Fifth. In sustaining the demurrer to the fourth paragraph of appellant's answer to said counter-claim; and,

Sixth. In overruling the motion for a new trial.

These assignments of error will be considered in the order of their statement.

The first objection urged to the counter-claim of Douglass, Allen and Cully is that a joint action can not be maintained to foreclose a mortgage executed to secure the several debts of two or more persons. This precise question was decided adversely to appellant by this court in *Shirkey* v. *Hanna*, 3 Blackf. 403 (26 Am. Dec. 426), and we are not disposed to depart from that ruling. See, also, *Goodall* v. *Mopley*, 45 Ind. 355; *Pogue* v. *Clark*, 25 Ill. 308; 2 Jones Mortgages, section 1368. This objection can not prevail.

The next objection urged to this counter-claim is that the debt secured is not described. The language of the mortgage is this: "The condition of this mortgage is that the said Calvin Drysdale and William Finch are sureties on promissory notes to the amount of two thousand dollars, held by Warren Douglass, Ann Cully and Avery Allen, all bearing ten per cent. interest: Now, if Peyton R. Finch shall well and truly pay said notes at maturity, and save the said Calvin Drysdale and William Finch harmless on account of their suretyship, this agreement to be null and void."

The appellant concedes that the description contained in the mortgage fits the notes in two particulars: one in the rate of interest, and the other in the fact that Calvin Drysdale

and William Finch signed the notes as the sureties of Peyton R. Finch. The mortgage also stated the amount secured, and this would seem to be sufficient, as the law does not require a particular, but only a general, description of the debt secured. 1 Jones Mortgages, section 343, and authorities cited.

The appellant, however, contends that the mortgage describes immature notes payable to Douglass, Allen and Cully jointly, and, as the notes mentioned in the complaint were all past due and were not joint notes, they are not within the description given. We do not agree with the appellant in this position. The language of the mortgage is that it is given to secure the mortgagees as sureties upon notes "held by Douglass, Allen and Cully." This is not a statement that these notes are payable to these persons jointly or otherwise, and therefore is not descriptive of such obligations. If it implies that the notes were held by these persons as joint owners, this was immaterial, as it was not calculated to deceive and mislead any person. The rule, as stated in Jones on Mortgages, is that "Literal exactness in describing the indebtedness is not required; it is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct and full information in regard to it, and the language used is not liable to deceive or mislead as to the nature or amount of it." 1 Jones Mortgages, section 70; *Ogborn* v. *Eliason*, 77 Ind. 393.

Nor does the fact that the notes were past due when the mortgage was made render the description inapplicable to them, as the stipulation to pay them at maturity was not descriptive of the notes, but was a statement of the condition, default of which authorized a foreclosure of the mortgage. This objection was not, we think, well taken.

It is further insisted that, though the facts are sufficient to constitute a cause of action in an independent suit, the same facts can not be pleaded as a counter-claim in this suit.

A counter-claim is defined by the code to be "any matter

arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Code of 1852, sec. 59.

Without attempting to specify the limits of this provision, or to enumerate the various matters which are within its terms, we may safely say that it has always been liberally construed, and in the practical administration of justice in this State has been regarded as broad enough to authorize all lien-holders who are made parties in foreclosure proceedings to bring forward by cross complaints their respective liens, and enforce the same in such proceedings as fully as they could do in independent actions. *Trayser* v. *Trustees I. A. University*, 39 Ind. 556; *Compton* v. *Jones*, 65 Ind. 117.

In an action to quiet title the defendant may, by counter-claim, assert a superior title and have the same quieted. *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 60 Ind. 383.

In an action to set aside a deed as fraudulent, the defendant may, by counter-claim, assert his title to the land and recover its possession. *Woodruff* v. *Garner*, 27 Ind. 4; *Tabor* v. *Mackkee*, 58 Ind. 290. See also *Dice* v. *Morris*, 32 Ind. 283.

These various rulings show the liberality with which this provision has been regarded in this State, and we are not disposed, by construction, to limit its scope so as to prevent a mortgagee, who has been made a party, from enforcing his lien in the same proceeding. This is in harmony with the spirit of our code, and we can see no good reason why the court, after it has determined the priority of the liens, shall not go a step further and enforce them. This, we think, it may do, and therefore think that these facts were well pleaded as a counter-claim. There is no trouble, as the appellant suggests, in the rendition of the judgment. The court can mould the judgment so as to enforce the rights and protect the interests of all parties. The demurrer to the counter-claim was properly overruled.

This disposes of the assignments of error, that the court

erred in refusing to strike out and in overruling the demurrer to the counter-claim of George W. Finch, as all the objections urged thereto have already been considered.

The second paragraph of the appellant's answer to the counter-claim of Finch alleged, in substance, that the cause of action declared upon did not accrue within six years. The demurrer to this answer was properly sustained. The action was based upon a mortgage which secured the mortgagee against the payment of money as the mortgagor's surety, and the fact that the money was paid more than six years before the counter-claim was filed did not render the bar of six years applicable. The suit was upon the mortgage, and not upon an implied parol promise to repay the money.

The fifth assignment is not noticed in the appellant's brief, and is, therefore, regarded as waived.

This brings us to the alleged error in overruling the motion for a new trial. The only reason embraced in the motion and mentioned in appellant's brief was the admission of the several notes described in the complaint in evidence, over the appellant's objection that they did not correspond with the description contained in the mortgage. It was averred in the complaint, that the mortgage was made to secure these notes, and as they corresponded with the description given, so far as it went, this fact, coupled with the possession of the notes, raised such a presumption of their identity as to entitle them to be read in evidence. There was, we think, no error in this ruling.

We have now considered all the questions raised, and as there is no error in the record the judgment must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.