Smith, J.
Owing to the fact that the original pleadings filed in the •case, the judgment which it is in this case sought to review, are not before us, it is difficult.to ascertain the exact facts; but we have enough data to enable us to state them •substantially, aided by the statements of counsel. The original petition was one filed by Francis W. Mansfield and Margaret Mansfield against Mr. Collins, to foreclose a mortgage made by him to them to secure the payment of notes •given by him to them severally, the notes having been given for the purchase money of the real estate conveyed by ■them to Collins. An answer was filed by Collins setting up various defenses, and a trial was had,and judgment was rendered for the plaintiffs. Aferwards the judgment was set aside by the court, and on the 13th day of May, 1893, an amended *260 petition was filed by the plaintiffs. By it the plaintiffs first sought to correct and reform the mortgage which had been-sued upon, on the ground that by the mistake of the parties-the land intended to be mortgaged thereby was not correctly-described therein, and seeking to have it corrected in this-respect,and then prayed for the sale of the land for the purpose of paying the debts due to the plaintiffs severally. No-demurrer to this amended petition,on the ground that there-was a misjoinder of parties plaintiff or other grounds was filed by the defendant. But on August 24th, 1893, he, by leave of court, filed an answer and cross-petition to this amended-petition of plaintiffs, setting up various defenses thereto,, and asserting a misjoinder against them, and plaintiffs filed a reply thereto. Afterwards, on April 30th, 1894, the defendant, by leave,filed an amendment to his answer, asserting-that there was a misjoinder of parties plaintiff, and to this-a reply was filed. On the issues raised the case was again-tried, and on May 12th, 1894, the court of common pleas, by its decree, reformed the mortgage as prayed for, and' found the amount due to the plaintiffs severally,and ordered' the real estate described in the mortgage as reformed to be-sold for the payment of the amount so found to be due to the plaintiffs severally. To this judgment and order the defendant excepted,and undertook to have a bill of exceptions-allowed by the court, but the same was not signed, allowed or filed in time,and therefore cannot be considered as a bill of exceptions in this case. But on the 10th day of November, 1894, the petition in error was filed in this court, alleging that there was error in the judgment of May 12th, 1894, in this: that the court erred in not holding that there was a misjoinder of parties plaintiff, and in rendering a judgment thereon in their favor against the defendant; and-further, that the court erred in not receiving certain evidence offered by the plaintiffs. But inasmuch as these last named errors are only shown, if at all, by the bill of excep *261 tions, which was not allowed in time, these assignments of error cannot be considered by us. It is urged by counsel for defendants in error that we are not at liberty to consider the question whether there was a misjoinder in this case, for the reason that even if there was, as it appeared on the face of the amended petition, that it could only be taken advantage of by a special demurrer, and as such demurrer was not filed, defendant thereby waived the objection under the provisions of sec. 5064 Rev. Stat., and could not afterwards properly raise the question by answer. This,it seems to us,is an altogether too strict construction of the statute, and directly opposed to the doctrine laid down in 17th Ohio St. 323. We think, then, that the point is properly raised in the pleadings themselves, and the question for decision is, whether the plaintiffs could properly join in the amended petition. If it was simply an action to foreclose the mortgage for the separate debts of the two plaintiffs, there seems to be some conflict in the authorities. But we understand that the decision of the Supreme Court of Indiana holds that it may be done. See 84 Ind. 301, 3 Blackford, 403. And the text writers seem to take the same view. See Pomeroy’s Remedies and Remedial Rights, sec. 225, Bliss on Code Pleadings, sec. 100, etc., and Jones on Mortgages, sec. 1367.
But as the amended petition sets up a claim for the reformation of the mortgage,and both plaintiffs were directly interested in having this done, we think they were entitled to join as plaintiffs as to this, and there was no misjoinder of plaintiffs.
After the judgment of May 12th, 1894, a motion for a new trial was duly filed by the defendant, stating as grounds those set out in the original petition in error, and the additional reason that the judgment was against the weight of the evidence. This motion was not disposed of when the original petition in error was filed, nor was it *262 done until April 7th, 1896. This was nearly two years after the rendition of the decree complained of. Defendant excepted to the overruling of the motion,and in due time had a bill of exceptions allowed .containing all of the evidence with the rulings of the court as to the admission of evidence, and on August 20th, 1896, filed what is called a supplemental petition in error, asking a reversal of the judgment of May 12th, 1894, for the reasons assigned therein, for error in overruling the motion for a new trial and for receiving incompetent evidence at the trial.
A. Gr. Collins, for Plaintiff in Error.
Morrill & Jordan, for Defendants in Error.
We think, then, that plaintiffs in error can take nothing under this petition in error. It is clearly and explicitly held in the case of Young v. Sehallenberger, 58 O. S. 291, that the right or cause of the proceeding in error accrues at the time of the rendition of the judgment or making of the final order; and under sec. 6723, Rev. Stat., such proceedings must be commenced within six months from that time. If commenced thereafter, the court acquires no jurisdiction of the cause, and the petition should be dismissed, and that the overruling of a motion for a new trial is not a final order to which error can be prosecuted. The fact that the petition in error was filed two years before and within six months after the rendition of the judgment complained of, one of the grounds which, raised by the record, we have held not to be well taken, and the others of which were not presented (as was necessary) by a bill of exceptions, will not avail to enable the plaintiff in error, when a motion for a new trial has been overruled more than six months after the rendition of the judgment complained of, in effect to file a new petition in error, and raise questions settled by the judgment rendered more than six months before the filing of the supplemental petition in error. This supplemental petition and bill of exceptions will therefore be stricken from the docket, and the judgment of the common pleas affirmed.