### SARAH M. DARLINGTON v. JULIA COMPTON ET AL.

1. WILLS—CONSTRUCTION.

　　A devise of lands to testator's daughter, providing that in the event of her death, "leaving no legal heirs," the property so willed "is to descend to her brothers and sisters," passes to the daughter the entire estate in the lands devised.

2. BROTHERS AND SISTERS HAVE ONLY FUTURE CONTINGENT INTEREST.

　　Under such will, during the daughter's life, the brothers and sisters, or their heirs, can have only a future, contingent interest in such lands, without present right·or title thereto.

3. ACTION TO REMOVE CLOUD ON TITLE.

　　Where such devisee is in possession of the lands devised, she may·maintain an action to remove a cloud upon the title thereto, though it consists of claims asserted which involve a construction of the provision in the will giving the property to her.

4. SAME—SUFFICIENCY OF PETITION.

　　Where the item in the will under which the claim asserted is set out, as against a general demurrer, the petition sufficiently shows a cloud upon the plaintiff's title by stating that the defendants claim an interest in the lands devised adverse to her right under that item of the will.

HEARD ON ERROR.

SIBLEY, J.

　This was an action in the common pleas court for Adams county, to remove a cloud from the title to certain lands described in the peti-

tion, that the plaintiff avers ownership of, in fee simple, and of which she holds possession. Other allegations are, that this title was derived from her father, G. D. Darlington, deceased, by virtue of item four of his last will, which is stated to have been duly proved, said item being fully set out as follows:

"I will and bequeath to my daughter Sarah Margaret Darlington, the one-half of the farm I now live on in Ashmore's survey 1947, adjoining West Union, the line of division to be run so as to include the little field across the road between the pikes, or include it in half the farm. Also, my present residence, with the yard and garden as now inclosed, including my dwelling house and outhouses, with all the household furniture, beds, bedsteads and bedding, cupboard and cupboard furniture, stoves and kitchen furniture, bureaus, book-case and all books, all property in the cellar and smoke-house, and all other household furniture. Also one-half of the farming utensils. Also the tract of land east and north of the county road leading from West Union by Layman Spohn's bounded by the county road and the lands of Layman Spohn, Sam. Wright, and F. Seaman. Also fifteen hundred dollars in cash. Also lots Nos. 9 and 10 in Darlington's Addition to the town of West Union —a cow and the poultry.

"In the event of Sarah Margaret's death, she leaving no legal heirs, then and in that case the property above willed is to descend to her brothers and sisters."

It also is alleged that the defendants named include all those who now would take under said item of said will, in the contingency provided for by its last clause. Then follows the averment that "said defendants claim an interest in said premises adverse to plaintiff's right under and by virtue of the 4th item of said G. D. Darlington's last will, a copy of which is above set out. But said plaintiff denies that said defendants, or either of them, have any valid interest therein, yet defendant's claim thereto creates and is a cloud upon plaintiff's title to said property." The petition concludes with a proper prayer for relief.

A general demurrer was interposed, sustained, and exception to the ruling thereon made. The plaintiff not wishing further to plead, judgment on the demurrer was entered in favor of the defendants. To reverse that, error is prosecuted to this court.

Two questions are presented by the record before us. One relates to the rights of the parties under the will, and the other to the sufficiency of the petition in alleging the "claim" of the defendants. These I will consider in the order stated.

I. A true reading of the item, from the will of G. D. Darlington, seems to be quite clear. In argument, the contention for the defendants was, that by the devise to her the plaintiff took only a life estate in the lands, while the remainder in fee is vested in them. But this we think is wholly untenable. The devisor says—"I will and bequeath to my daughter," naming her, this property. That was sufficient to pass an estate of inheritance, and standing alone would be given such effect, without reference to our statute. Smith v. Berry, 8 Ohio, 366; Thompson v. Hoop, 6 Ohio St., 481. This is emphasized evidently by sec. 5970, Rev. Stat., which requires that every devise of lands "be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will" that he "intended to convey a less estate."

There is no suggestion here that the plaintiff was not to take the fee, unless found in the last clause of item four, providing to whom the lands shall go, in case she dies "leaving no legal heirs." That, therefore, furnishes the sole basis for the defendants' claim. But it cannot be given the effect for which they contend. The law is settled in Ohio, on that proposition. The principle established is, that the "limitation over does not refer at all to the quantity of the estate before devised," but "simply designates the contingency on the happening of which, that estate, whatever was its *quantum*," shall pass over to others—in this instance to the brothers and sisters. The will is to be read, therefore, exactly as it would be if the devise had been to the plaintiff, her heirs and assigns forever. Consequently the defendants can have no present right in or title to these lands. Their only interest in them is future, contingent, and by way of executory devise. Niles v. Gray, 12 Ohio St., 320 ; Durfee v. MacNeal, 58 Ohio St., 238 ; Thompson v. Hoop, 6 Ohio St., 481.

II. The view taken of the will, makes it necessary to determine whether or not, as against a general demurrer, the petition so alleges the " claim " of the defendants as to show a cloud upon the plaintiff's title.

Our two greatest writers upon equity jurisprudence very fully consider chancery powers in cases of bills of *quia timet*, bills of peace, and suits to remove a cloud from title. 2 Story's Eq., Chap's 21, 22 ; 1 Ibid, secs. 700, 711*a*, 12th ed. ; 1 Pomeroy's Eq., 243 ; 3 Ibid, 429, 435.

This action is of the latter class, respecting which jurisdiction is held to be "inherent in courts of equity." Holland v. Challen, 110 U. S., 16. Speaking generally, the right to relief may be said to depend upon title and possession in the plaintiff, and some claim by the defendant adverse to that title. The precise matter now to be considered is, whether, beyond the allegations that such claims are made, a party must go in order to show a right to relief.

How this would be on a motion to make the petition more definite and certain, is not before us, and we therefore forbear to decide. But that it is sufficient as against a general demurrer, appears to be reasonably certain. An early case is clearly in point. As the report states " it was a bill in chancery asserting that the claimant held the legal title to certain lands, and was in possession, and that the respondents pretended a claim to the same lands." According to the opinion by Lane, J., the court held that " he who is in possession of land, and having a legal title, may call upon any pretending a claim to come forward and assert it ; " and on this ground they granted the relief sought. Douglass v. Scott, 5 Ohio, 195–196.

Taking that as law, the petition here is manifestly good. This conclusion is supported also by a late case. It was an action in foreclosure, and involved a construction of sec. 5006, Rev. Stat., which provides that " any person may be made a defendant," in an action, " who has or claims an interest in the controversy adverse to the plaintiff." Under this provision, it was held that a plaintiff is not required to set forth either the nature of or the facts constituting the claim of another lien-holder whom he has brought in, in order to a decree barring the latter, if he fails to answer. It is enough to make him a party, and allege that he had or claimed some interest in or lien upon the premises in controversy. Widemiller v. Laughlin, 51 Ohio St., 421.

Obviously, on principle, the interpretation given section 5006, should apply to 5779, under which this suit is brought. It gives a right of

action to one in possession of " real property, against any person who claims an estate or interest therein, adverse to him." Now, if in the one case it is not necessary to set out the nature of, or facts constituting the alleged " claim," in order to put a defendant in default, and so entitle the plaintiff to a decree against him, *pro confesso*, how can it be in the other? On the point in discussion, we are unable to perceive any valid ground of distinction between them. By fair analogy, therefore, this holding of the Supreme Court becomes decisive here.

The defendants relied in argument on Collins v. Collins, 19 Ohio St., 568. But as we conceive it wholly fails them. On a demurrer to the petition in that case, two propositions were decided. One was, that as it affirmatively appeared that the defendants had no present or certain interest in the lands involved in the controversy, an action to quiet title would not lie. The other that aside from this, the only question left related to the construction of a will, upon which no trust arose, and so was not within the jurisdiction of the court. By force of an amendment, however, since made, to section 5779, Rev. Stat., the first point decided has ceased to be law; as the decision now is that it is not a requisite to relief of the nature here sought, that the adverse claim, " should relate to or affect the right of present possession." Rhea v. Dick, 34 Ohio St., 420.

The second point falls with the other, in cases under the new statute, and the effect to be given to the decision in Niles v. Gray, *supra*, approved in Rhea v. Dick, *supra*. The fact, therefore, that in order to obtain relief of the character prayed for in this suit, a will creating no trust must be construed, can neither affect the jurisdiction nor debar the party relying upon the testament from a judicial determination of his rights. Section 5779, as it now stands, is to be regarded, say the Supreme Court, as designed to promote a beneficial and enlightened policy, which is to be received with favor. It also is declared to be highly desirable that land should be freed from suspicion, even, of unsubstantial claims, because however ill founded, they affect the value of property, when on sale. Hence, where a right to open a road had terminated, and the proceeding therefor become null, it was nevertheless held that the landowner might maintain an action to vacate it, as a cloud upon his title. Lowmiller v. Fouser, 52 Ohio St., 123. It is difficult to see how a " claim " shown to be void by the facts alleged, is sufficient, if the averments made in this case are not. But however that may be, the exact point as to the pleading has been adjudicated under a statute which, like ours, gives the owner of lands an action " against another who claims title or interest * * * adverse to him." The decision upon this act was that it is " sufficient to aver that the defendant claims some interest or title, or pretended interest or title, adverse to complainant, without stating what the title is." Reynolds v. Craw. Bank, 112 U. S., 405 ; Jeffersonville & C. R. R. Co. v. Oyler, 60 Ind., 383.

The conclusions stated determine the questions in the case, and compel us to hold that the learned court below erred in sustaining the demurrer to the petition. Consequently the judgment must be reversed, and the cause remanded.

*H. Scott* and *F. D. Bayliss*, for plaintiff.

*W. C. Coryell* and *Blair & Mayhaffey*, for defendants.