Nov. Term, 1860.

GARRETT
v.
PUCKETT.

-----•─●─○─►──────

## GARRETT *v.* PUCKETT.

Suit by an assignee upon promissory notes, and to foreclose a mortgage securing them. The notes were assigned in writing, but there was no written assignment of the mortgage.

*Held*, that the assignment of the notes carried with them the mortgage security.

*Held*, also, that as it appeared from the complaint that all the notes remaining unpaid were held by the plaintiff, the mortgagee was not a necessary party defendant.

*Held*, also, that as against one who purchased the land subject to the mortgage, no proof of a record of the mortgage was necessary.

APPEAL from the *Randolph* Common Pleas.

*Friday, January* 25.

HANNA, J.—Suit on a note, and to foreclose a mortgage. The widow, heirs and administrator of the maker of the notes, who was the mortgagor, are made defendants, together with a subsequent encumbrancer, and appellant, a subsequent purchaser of the real estate. The two latter defended separately; the other defendants were defaulted. The appellant demurred, but the demurrer was overruled. Upon this ruling error is assigned. It is insisted, that as the appellee held the notes by assignment, and, as the mortgage was not assigned, the mortgagee should have been made a party when the application was to foreclose. In the case at bar, we do not think that the complaint was defective in that respect. It shows that all the notes, which the mortgage was intended to secure, were either paid, or in the hands of plaintiff, and filed with the complaint. It has been decided that the assignment of the debt carries with it the security.

Appellant then answered: 1. Denial. 2. Payment by deceased. 3. Payment by himself. Reply in denial. Trial:

Nov. Term, 1860.

THE INDIAN-
APOLIS, &c.
RAILROAD CO.
v.
WILLIAMS.

judgment for plaintiff. Motion for new trial overruled. The evidence is in the record.

It is urged that it does not sustain the finding, in this particular, namely; that the complaint avers that the mortgage was on, &c., recorded; that the general denial put this in issue, and the proof did not sustain it.

It is assumed that the only proof upon that issue was the indorsement on the back of the mortgage, by the recorder, of the date when it came to his hands, when recorded, and in what book.

There is no direct averment that appellant had any actual notice of said mortgage. The appellant is mistaken in reference to the Court having no other information regarding notice of such lien. It was admitted upon the trial that the mortgagor, in his lifetime, conveyed the premises to the appellant after the execution of said mortgage, and subject to it. Under these circumstances, as to appellant, it mattered not whether the mortgage was recorded or not; therefore, we need not look to the question raised.

These are all the points presented in the brief of counsel.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*S. Colgrove,* for appellant.

*Thomas M. Browne* and *J. J. Cheney,* for appellee.