## GABBERT ET UX. *v.* SCHWARTZ.

MORTGAGE SECURING NOTE PAYABLE IN BANK.—*Rights of Assignee.*—
*Married Woman.*—When a mortgage securing the payment of a promis-
sory note payable in bank is duly assigned, with the note, to a *bona fide*
assignee, before maturity and for value, he takes it on the same footing
as he takes the note itself, *i. e.*, free from all equities which might have
constituted defences to it in the hands of the mortgagee,—even as against
the wife of the mortgagor and maker.

From the Marion Superior Court.

*H. W. Harrington,* for appellants.

NIBLACK, J.—The complaint in this case shows, that on
the 20th day of January, 1876, the appellant George G.
Gabbert executed to Thomas H. Butler and Alfred M.
Alexander his promissory note for eight hundred dollars,
payable six months after date at the Merchants National
Bank of Indianapolis, and that, to secure the payment of
such note, he and his wife, Christina Gabbert executed a
mortgage on a lot in the City of Indianapolis, the
separate property of the said Christina; that afterward,
and before maturity, the note was assigned by Butler and
Alexander to the appellee, Charles L. Schwartz.

The object of this action was to obtain judgment against
George G. Gabbert on the note, and to foreclose the mort-
gage against both him and his said wife, Christina.

Butler and Alexander and the Massachusetts Mutual
Life Insurance Company, a prior incumbrancer, were
also made defendants.

The defendant Christina answered separately, attack-
ing the consideration of the note and averring that the
note was executed without any good or valuable considera-
tion, of all which the plaintiff had notice.

To this answer there was a reply in denial. A jury, at
a special term, returned a verdict for the plaintiff; and, a
motion for a new trial being first overruled, there was

judgment upon the note, and a decree of foreclosure upon the mortgage. Upon an appeal to the general term of the court below, the judgment at special term was affirmed.

The defendants, the Gabberts, have appealed to this court, and, arguing upon the theory that the evidence showed the note to have been executed without consideration, but without notice to the plaintiff, who was a *bona fide* purchaser before maturity, insist that a complete defence was made out for the defendant Christina, against the foreclosure of the mortgage, upon the ground that the mortgage, as to her, did not stand upon the same footing with the note as commercial paper, she not being a party to the note.

In 1 Jones on Mortgages, at section 11, it is said: " In equity a mortgage of land is regarded as a mere security for a debt or obligation, which is considered as the principal thing, and the mortgage only as the accessory. The legal title vests in the mortgagee merely for the protection of his interest, and in order to give him the full benefit of the security; but for other purposes the mortgage is a mere security for the debt."

This rule as to the essential qualities of a mortgage has been fully recognized and accepted in this State. *Fletcher* v. *Holmes*, 32 Ind. 497. With us, the debt secured is the principal thing, and the mortgage is but the incident. *Sample* v. *Rowe*, 24 Ind. 208; *Garrett* v. *Puckett*, 15 Ind. 485.

It follows that, in this State, the indorsee of a negotiable note, secured by mortgage, takes the mortgage discharged from all the equities to which the note may have been subject in the hands of the payee, to the same extent as the note itself is discharged from such equities.

In that respect, the indorsee takes the mortgage as he

takes the note. *Carpenter* v. *Longan*, 16 Wal. 271; *Logan* v. *Smith*, 62 Mo. 455. The rule contended for by the appellants, as to defences against mortgages in cases like this, can not be maintained.

No error in the proceedings below has been shown.

The judgment is affirmed, with costs.