Tate *v.* Fletcher *et al.*

* * *

No. 8333.

## TATE *v.* FLETCHER ET AL.

REVIEW OF JUDGMENT.—*Pleading.*—*Cross Complaint.*—*Promissory Note.* —*Material Alteration.*—*Mortgage.*—*Attorneys' Fees.*—A cross complaint filed by the holder of a junior mortgage, in an action by the mortgagee to review a judgment of foreclosure taken against him by the holder of the prior note and mortgage, alleging that the note secured by such mortgage had, after its execution and without the consent of the makers, been altered by its holder by striking out the words "if suit be instituted," whereby a conditional promise to pay attorneys' fees was changed to an absolute promise, that the cross complainant had no knowledge of such alteration until after the judgment of foreclosure, and could not have discovered it by reasonable diligence, duly verified and alleging that it was filed without delay after the discovery, and praying a review of the judgment, and that it be set aside, and such defence allowed, is sufficient on demurrer.

SAME.—*Note Payable to Order in a Bank.*—*Alteration.*—*Discharge of Mortgage.*—*Payment.*—A note payable to order at a bank in this State is

Tate *v.* Fletcher *et al.*

*prima facie* a payment of the debt for which it is given, and a mortgage given to secure such a note, which is the only debt described therein, and they being together but one transaction, is rendered void by a material alteration of the note; whatever discharges the note also discharges the mortgage.

From the Marion Superior Court.

*J. Hanna, F. Knefler, J. S. Berryhill, C. F. Rooker* and *P. Norton,* for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

BICKNELL, C. C.—Warren Tate obtained a judgment of foreclosure in a suit against Wright & Hamlin and others. In that suit Fletcher & Churchman were co-defendants, as the holders of a junior mortgage, the lien of which was next to the lien of Tate's mortgage. Wright & Hamlin filed a complaint for a review of Tate's judgment, and made Fletcher & Churchman and others defendants. In this suit for review, Fletcher & Churchman filed a cross complaint duly verified, averring that the note secured by Tate's mortgage, after its execution, and without the knowledge or consent of its makers, had been altered by its holder by striking out the words "if suit be instituted," whereby a conditional promise to pay attorneys' fees was changed to an absolute promise, and that the cross complainants had no knowledge of such alteration until after the judgment of foreclosure, and could not have discovered it before the judgment by any reasonable diligence, and that the cross complaint was filed without delay and at the first opportunity; the prayer is, that the judgment of foreclosure be reviewed and set aside, and that the cross complainants be permitted to answer setting up said new matter of defence, and for all proper relief.

To this cross complaint Warren Tate demurred, the demurrer was overruled; he then answered by a general denial, and by a special defence, which was struck out and upon which no question arises. The issue was tried by the court

in special term, who found for the cross complainants, and rendered judgment pursuant to the prayer of the cross complaint. Tate moved for a new trial for the following reasons :

1st. The court erred in overruling the demurrer to the cross complaint.

2d. The court erred in striking out the second defence of said Warren Tate.

3d. The finding and judgment are contrary to law.

4th. The finding and judgment are not sustained by sufficient evidence.

This motion was overruled. Tate excepted and appealed from the judgment to the superior court in general term. There he assigned errors as follows :

1st. Error in overruling the demurrer to the cross complaint.

2d. That the finding and judgment are contrary to law.

3d. That the finding and judgment are not sustained by sufficient evidence.

4th. Error in overruling the motion for a new trial.

The court in general term affirmed the judgment of the court in special term, and Tate appealed to this court. The errors assigned here are :

1st. In overruling the demurrer to the cross complaint.

2d. In overruling the motion for a new trial.

3d. In affirming the judgment of the court in special term.

A complaint for review may be filed for material new matter discovered since the rendition of the judgment. Practice Act, sec. 587. When filed for new matter, it shall be verified by the complainant, and shall show that the new matter could not have been discovered before judgment by any reasonable diligence, and that the complaint was filed without delay after the discovery. Practice Act, sec. 588.

The cross complaint in this case was duly verified ; it avers that the new matter was discovered shortly after the judgment ; that it could not have been discovered before judg-

ment by reasonable diligence, and that the cross complaint was filed without delay, and at the first opportunity. It appears on the face of the cross complaint that the new matter was material, to wit, an alteration by the holder of the note, after its execution, without the knowledge or consent of the makers, which changed the value of the note in this, to wit, the note, as made, provided for attorneys' fees in case of suit being brought; the note, after the alteration, provided for attorneys' fees absolutely, whether suit were brought or not. The note was dated August 5th, 1871, it was due February 1st, 1874. The act of March 10th, 1875, Acts 1875, Reg. Sess., p. 4, declaring that all conditional agreements in a note to pay attorneys' fees are illegal and void, contains a proviso that it shall not apply to contracts previously made. There was no error in overruling the demurrer to the cross complaint.

As to the motion for a new trial, the second reason alleged therefor is not referred to by the appellant in his brief, and is therefore regarded as waived.

The third and fourth reasons for a new trial are, that the finding and judgment were not sustained by sufficient evidence and are contrary to law.

The appellant claims that, notwithstanding a material alteration of the note, the debt secured by the mortgage remains, and the mortgage may be foreclosed therefor; but the note in this case was payable to order at a bank in this State; such a note is *prima facie* a payment of the debt, and the note being the only debt described in the mortgage, and the mortgage being given to secure the note, and they being together but one transaction, whatever discharges the note discharges also the mortgage. *Sherman* v. *Sherman*, 3 Ind. 337; *Woodward* v. *Mathews*, 15 Ind. 339; Jones Mortgages, sec. 71. The verdict was not contrary to law; it was sustained by sufficient evidence, and the superior court in gen-

eral term committed no error in affirming the judgment of the court in special term.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.