No. 9784.

## FAVORITE, RECEIVER, v. DEARDORFF.

| 84 | 555 |
| 125 | 321 |
| 84 | 555 |
| 129 | 179 |
| 84 | 555 |
| 146 | 269 |

MORTGAGE.—*Execution.—Receiver.—Rents.—Growing Crops.—Priority of Liens.* —A. mortgaged lands to B., but continued in possession, and then C. obtained a judgment against A., upon which an execution was issued, by virtue of which a crop of wheat of A., growing upon the land, was sold to C. ; and then a levy was made upon a crop of corn of A. growing upon

the land; but before the corn was sold upon the execution, B., in a suit to foreclose his mortgage, having shown that A. was insolvent, and the lands inadequate security, had a receiver appointed to collect the rents during the year allowed for redemption.

*Held*, that the receiver acquired no right to the crops as against C.

SAME.—The appointment of a receiver has no retroactive effect to divest the rights of third persons previously acquired.

SAME.—A mortgagor of lands, remaining in possession, owns the crops produced by him, and they are subject to levy and sale on execution in favor of other creditors, until, by some proceeding, the rights of the mortgagor therein are abridged or divested.

From the Superior Court of Tippecanoe County.

*R. Jones*, for appellant.

*C. E. Lake* and *J. S. McMillin*, for appellee.

ELLIOTT, J.—On the 14th day of May, 1878, Thomas J. and Christopher C. Taylor executed to Bennett Foresman a mortgage upon real estate for $7,412; the mortgagors were then in possession of the land mortgaged. On the same day the Taylors executed a mortgage to the Second National Bank of Lafayette for $7,483.65 on the same land; on the 2d day of June, 1879, Foresman commenced an action to foreclose the mortgage executed to him, making defendants thereto the Second National Bank and the appellee, Robert Deardorff; a counter-claim was filed by the bank, showing, in addition to the mortgage executed to it, that the mortgagors were all insolvent, and that the mortgaged property was worth much less than its claim, and praying for the appointment of a receiver; pursuant to the prayer of the bank's counter-claim, the appellant was appointed receiver on the 1st day of July, 1879, and authorized to collect the rents of the mortgaged property for the year allowed for redemption. Foresman obtained judgment and decree of foreclosure, as did the bank; the judgment of the former was paid out of the proceeds of the sale upon the decree of foreclosure, and $3,310 was applied on the judgment in favor of the bank, leaving the remainder of that judgment unpaid. The bank was the purchaser at the sher-

iff's sale, and, the land not being redeemed within the year, received a deed from the sheriff. On the 30th day of November, 1878, the appellee recovered judgment against the Taylors; on this judgment execution was issued and levied on a crop of wheat sowed by the Taylors on the mortgaged land, and on the 26th day of May, 1879, the sheriff sold the wheat to the appellee; afterwards, on June 13th, 1879, the sheriff levied a writ, issued for the unpaid balance of the judgment, on growing corn planted by the Taylors on the mortgaged land, and sold this crop to appellee on the 15th day of July, 1879.

Appellant claims the crops of wheat and corn by virtue of his rights as receiver, and the appellee claims that the growing crops were personal property, and that the sale by the sheriff vested title in him.

It is our opinion that the court did right in holding that the appellee was entitled to the grain in controversy. The mortgage, upon which rested the right of the bank to have a receiver appointed, did not vest any ownership of the land in the mortgagees. The mortgage gave them a lien upon the land, but the title remained in the mortgagor. *Fletcher* v. *Holmes*, 32 Ind. 497; *Reasoner* v. *Edmundson*, 5 Ind. 393. The statute expressly provides that unless the mortgage stipulates otherwise, the mortgagor shall be entitled to possession. Where by statute, or where by the terms of the mortgage, the mortgagor is entitled to possession, his right can not be disturbed by the mortgagee until default. 1 Jones Mortg., section 80. As long as the mortgagor is entitled to possession of the land, he has a right to the rents and profits. 1 Jones Mortg., section 670. If the mortgagor had sold the crops before the right of the mortgagee to enter had accrued, we suppose there could be no doubt that his vendee would have acquired title.

Growing crops are often considered personal property. Where the right of severance exists, they are always considered personal and not real property. The right of the

mortgagors to possession and to the rents and profits gave them a right to crops which were of a severable nature, and this right was acquired by the purchaser at the sheriff's sale. Growing crops may be levied upon and sold as personal property. *Lindley* v. *Kelley*, 42 Ind. 294.

A receiver appointed to take charge of rents and profits does not acquire any title to the property out of which they issue. *Foster* v. *Townshend*, 68 N. Y. 203. The appellant in this case did not, therefore, acquire a right to the growing crops because of any acquisition of title to the land itself, and, as the crops had already been seized under a paramount lien, he can not claim them as rents and profits. The mortgagees themselves would not have had any right of entry, even prior to the redemption act of 1861, until after the sale, and until then could not have asserted the right of an owner, and since the adoption of the redemption acts, their rights to rents and profits during the year are not as owners, but vest in them in virtue of their character of creditors. It can not be that a right as creditor can confer a right superior to that of one who has purchased before the claim of the creditor became a lien. In *Rider* v. *Vrooman*, 12 Hun, 299, the question we have in hand received a very full and careful consideration, and the court said : " The receiver obtained no right to the rents and profits of the mortgaged premises until his appointment, and then only to such as remained unpaid to the owner of the equity of redemption. * * * * It was by virtue of the appointment that the mortgagee obtained an equitable lien on the unpaid rents of the premises mortgaged. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69 ; *Howell* v. *Ripley*, 10 Paige, 43 ; *Astor* v. *Turner*, 11 Paige, 436 ; *Bank of Ogdensburg* v. *Arnold*, 5 Paige, 38 ; *Post* v. *Dorr*, 4 Edw. Ch. 412.)"

The conclusion reached by us in this case is not in conflict with *Connelly* v. *Dickson*, 76 Ind. 440, for there was in that case no question as to the rights of intervening purchasers, as there is here.

Judgment affirmed.

Favorite, Receiver, v. Deardorff.

### On Petition for a Rehearing.

Elliott, J.—We have given the argument upon the petition for a rehearing that careful consideration which is always due to the work of an able and courteous lawyer. We are not, however, inclined to change the opinion previously expressed by us. The reasoning of appellant's counsel proceeds, as it seems to us, upon an undue assumption of a controlling proposition. It is assumed that a mortgage confers upon the mortgagee such rights as entitle him to the rents and profits of the land mortgaged, although the mortgagor is in possession. This assumption is grounded in a fundamental error. It is true that early in the history of the law it was held that a mortgage conveyed a conditional estate entitling the mortgagee to the rents and profits of the land, but this doctrine was long since overthrown. It is firmly settled law, settled in our State by statute and by a long and unwavering line of decisions, that a mortgage creates a mere lien, and that the mortgagor in possession is entitled to the rents and profits of the land.

It is said by counsel that the recording of the mortgage is notice, and that no purchaser of crops subsequent to the mortgage can get any greater right to them than the mortgagor had, and this is true; but it does not lead to the conclusion that a purchaser can not acquire title to them; on the contrary, as the mortgagor had a right to sell, a sale by him before some act done by the mortgagee abridging that right, would convey a perfect title. In this case, the judgment creditor, having levied upon the crops, acquired a right which an after-appointed receiver could not divest. He had not only acquired the right conferred by the levy, but also that of a purchaser at an execution sale.

It is too plain for controversy that a receiver's appointment does not confer retrospective authority to divest previously acquired rights. We have seen that a mortgagor in possession is entitled to all crops grown upon the land, until the mort-

gagee has in some rightful manner abridged that right, and, this being so, it must follow that if he had sold the crops, prior to an act abridging his right, his vendee would have acquired a good title. The case before us rests upon this principle, for here a creditor had obtained judgment, levied executions and bought the property prior to the time the receiver was appointed, and we know of no principle which will warrant the conclusion that the right vested by such a sale can be defeated by the subsequent appointment of a receiver.

The rule declared in the cases cited in the original opinion is the correct one, for the right of the receiver is an equitable one growing out of the fact that the property is insufficient in value to satisfy the debt, and the fact of the mortgagor's insolvency; it is not a right springing from the mortgage itself and commencing with the date of that instrument. The right only comes into existence with the appointment, as against prior vested rights. It can not have an earlier existence.

There is no conflict between our holding in this case and the doctrine declared in *Connelly* v. *Dickson*, 76 Ind. 440; for in that case there was no claim that the appointment of a receiver had a retroactive effect, nor had the rights of any third persons intervened.

Petition overruled.