Filed Oct. 17, 1884.

---

No. 11,659.

## Nichol v. Henry.

Statute of Limitations.—*Contract in Writing.*—*Mortgage.*—*Defence.*—In an action to foreclose a mortgage, which contains in itself the mortgagor's "contract in writing" to pay a certain sum of money to a certain person at a certain time, an answer that the plaintiff's cause of action did not accrue within six years before the commencement of the suit, is not sufficient to constitute a defence to the plaintiff's action. Elliott, C. J., and Niblack, J., dissent for reasons stated in their dissenting opinion.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

*C. L. Henry, H. C. Ryan, E. P. Schlater, J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.*, for appellee.

Howk, J.—This was a suit by the appellant, Nichol, as the assignee of a certain mortgage executed on the 17th day of October, 1860, by one George I. Chittenden to one John H. Chittenden, on certain real estate in Madison county, against the appellee, Henry, as the subsequent grantee and owner of such real estate, with notice of the aforesaid mortgage thereon. By its terms the mortgage was given "to secure the payment, when the same shall become due, of $800 loaned by said John H. Chittenden to said George I. Chittenden, and to be paid December 25th, 1862." In his com-

plaint the appellant alleged, *inter alia*, that the mortgage in suit was duly recorded in the records of the recorder's office of Madison county on the 17th day of October, 1860, the day of the date of such mortgage; that the appellee was then the owner in fee simple of the mortgaged real estate, and became such owner after the execution and record of such mortgage; that the mortgage had been assigned to the appellant by endorsements thereon; and that the mortgage debt and the interest thereon since December 25th, 1862, were then due and wholly unpaid. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee, the defendant below; and over the appellant's motion for a new trial, the court rendered judgment against him for the appellee's costs.

In this court the appellant has assigned as errors the following decisions of the trial court:

1. In overruling his demurrer to the fifth, sixth and seventh paragraphs of appellee's answer; and,

2. In overruling his motion for a new trial.

Before considering the questions presented by these alleged errors, we may premise, that the record of this cause shows this suit to have been commenced on the 17th day of January, 1881. We may also premise, that this is the second time this cause has been before this court, see *Nichol* v. *Henry*, 89 Ind. 54; but we may properly say that none of the questions now presented were considered or decided on the former appeal. With this prefatory statement, we proceed now to the consideration of the questions presented by the first alleged error.

In the fifth paragraph of his answer the appellee alleged, as to so. much of the complaint as sought to recover for loaned money, that the mortgage in suit did not contain any promise to pay, and no other note or other written obligation was ever executed by said George I. Chittenden to said John H. Chittenden, and no part of said loaned money was loaned, and no part of it became due, within six years prior to the commence-

ment of this action, and, as to the said loaned money, the cause of action therein stated did not accrue within six years before the commencement of this suit.

Did the trial court err in overruling the appellant's demurrer to this fifth paragraph of answer? This we regard as the controlling question in this case, and so the appellant's counsel seem to think. The paragraph proceeds upon the theory that because the mortgage does not contain an express promise on the part of the mortgagor to pay his debt to the mortgagee, secured in such mortgage, and because such debt was not evidenced by any promissory note or other written obligation separate from the mortgage; therefore the six years' limitation constitutes a complete defence in bar of the appellant's action for the recovery of such debt. If this theory is correct, then it would seem to be clear that the demurrer to the fifth paragraph of answer was properly overruled. It may be conceded that unless it can be held that the mortgage in suit is, in and of itself, a " contract in writing " by the mortgagor to pay the sum of money therein mentioned to the mortgagee, the six years' clause of the statute of limitation is a complete defence in bar of the appellant's cause of action. When the mortgage debt is barred by the statute of limitations, the lien of the mortgage ceases to be operative and effective, and the mortgage can not be foreclosed. These points were settled, and correctly so, we think, in the recent case of *Lilly* v. *Dunn,* 96 Ind. 220; and see the cases there cited.

We are of opinion, however, that the mortgage sued upon in the case in hand contains in itself the mortgagor's express " contract in writing " to pay the sum of money therein mentioned to the mortgagee, on the day and year therein named. Suppose that the mortgagor had executed a separate contract in writing, in these words: " Eight hundred dollars have been loaned by John H. Chittenden to George I. Chittenden, to be paid December 25th, 1862." Such a written contract would have contained the essential requisites of a promissory note, namely, the contract to pay a sum certain to a certain person,

at a certain time. No one would claim, we think, that the six years' clause of the statute of limitations would constitute a good defence to an action brought on such written contract; and yet this is substantially the same contract, expressed almost in the same words, as the one contained in the mortgage now in suit. Can the fact that the mortgagor's contract to pay the sum of money to the mortgagee is contained in the the mortgage itself, and is not expressed in any separate written instrument, materially affect the question we are now considering? This question, as it seems to us, must be answered in the negative.

The written contract, as expressed in the mortgage, was the foundation of the appellant's action, and there was no necessity here to resort to or rely upon any implied contract, in order to show the mortgagor's liability to pay the mortgage debt, as there would have been if the mortgage had been one of indemnity. By the terms of the mortgage the mortgagor expressly contracted in writing to pay the mortgage debt; and to the appellant's action upon this contract the six years' clause of the statute of limitations constituted no defence whatever. " Upon contracts in writing," the statute of limitations, in force at the time this suit was commenced, provided that actions shall be commenced " within twenty years " after the cause of action had accrued, and not afterwards. The cause of action sued upon by the appellant accrued on the 25th day of December, 1862, and the record shows that this action was commenced within twenty years thereafter.

Our conclusion is that the facts stated by the appellee in the fifth paragraph of his answer were not sufficient to constitute a defence to the appellant's action, and that the demurrer thereto ought to have been sustained. This conclusion renders it unnecessary for us to consider or decide any of the questions presented by the other alleged errors, because it is manifest from the record that the judgment below in favor of · the appellee rests entirely upon the supposed sufficiency of the fifth paragraph of his answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the fifth paragraph of answer, and for further proceedings not inconsistent with this opinion.

DISSENTING OPINION.

ELLIOTT, C. J., and NIBLACK, J.—We fully concur in the statement of the general principle contained in the prevailing opinion, but do not concur in the conclusion reached, for the reason that we think there is no express promise in the mortgage binding the mortgagor personally. We regard the provision respecting the debt as a mere recital, describing and identifying the debt secured. In our opinion it is not a covenant to pay the debt.

