Crawford *et al. v.* Hazelrigg.

reason. It is not a case of conflicting evidence, but a case where there is a lack of evidence.

Judgment reversed with costs.

Filed Nov. 10, 1888; petition for a rehearing overruled Feb. 2, 1889.

---

No. 13,085.

## CRAWFORD ET AL. *v.* HAZELRIGG.

**MORTGAGE.**—*To Indemnify Endorser.—Married Woman.—Inchoate Interest.*— Where a married woman has joined her husband in the execution of a mortgage on his real estate to indemnify an endorser upon the note of her husband, or of him and others, she may, in a suit to foreclose the mortgage, avail herself of any valid legal or equitable defence to protect her inchoate interest in the real estate.

**SAME.**—*Promissory Note.—Alteration.—Extension of Time of Payment.—Release of Wife's Inchoate Interest.*—Where, after the execution of an indemnifying mortgage by a husband and wife to secure an endorser for the husband and others, the note upon which the mortgagee is endorser is, with his consent, but without the consent of the wife, so changed that one of the makers is released from liability, the inchoate interest of the wife is fully discharged from the lien of the mortgage; but the mere extension of the time of payment for a definite time and for a valuable consideration, all the parties to the note, including the indorser, consenting, will not have that effect.

**SAME.**—*Disability of Married Woman.—Executory Contract.*—Under the law of this State, as it was in 1877, a married woman could not bind herself by an executory contract, and hence a provision in a mortgage in which she joined, that "the mortgagors expressly agree to pay the sum of money above secured and hold the mortgagee harmless therefrom," was not binding upon her.

**SAME.**—*Statute of Limitations.*—Where a mortgage in suit contains an express agreement by the mortgagor to pay the sum of money secured thereby, an answer setting up the six years clause of the statute of limitations in bar of the suit, is bad on demurrer for the want of facts.

From the Decatur Circuit Court.

| | |
|---|---|
| 117 | 63 |
| 147 | 421 |
| 117 | 63 |
| 162 | 276 |
| 117 | 63 |
| 168 | 127 |
| 168 | 129 |
| 168 | 135 |
| 117 | 63 |
| 170 | 674 |

*J. D. Miller* and *F. E. Gavin*, for appellants.

*J. K. Ewing* and *C. Ewing*, for appellee.

HOWK, C. J.—This was a suit by appellee, Hazelrigg, as plaintiff, to foreclose a certain indemnifying mortgage alleged to have been executed to him by the appellants, William R. and Emma P. Crawford, on certain parcels of real estate in Decatur county, Indiana. The mortgage sued on was dated and acknowledged on the 23d day of October, 1877, and was recorded in the proper recorder's office on the 31st day of August, 1878. It was stipulated in such mortgage, that it was given " to secure and hold the said Hazelrigg harmless from all liability as endorser on a certain promissory note for the sum of $2,300, dated October 1st, 1877, due in four months after date, payable to the Citizens' National Bank of Greensburg, Ind., with ten per cent. interest from maturity and providing for five per cent. attorney's fees, signed by the said William R. Crawford, Hazelrigg Carriage Company, Hazelrigg Carriage Works, Newton Hazelrigg and J. F. Hazelrigg, and endorsed by the said mortgagee; and the mortgagors expressly agree to pay the sum of money above secured, and hold the said mortgagee harmless therefrom, without relief from valuation or appraisement laws."

In his complaint, plaintiff alleged, among other things, that at the date of said note and mortgage he was, and at all times since had been, solvent and able to pay said debt, and that the other parties to said note had wholly failed to pay the same or any part thereof, although it had become due in four months after its date; that, at the commencement of this suit, all the parties to said note were insolvent, except the plaintiff and defendant William R. Crawford; that said Crawford had left the State of Indiana and was then a resident of the State of Ohio, and had no property within this State subject to execution, except the last two parcels of real estate described in said mortgage; and that the parcel of real estate first described in said mortgage, was

encumbered by, and had been sold to satisfy, a mortgage prior to the mortgage sued on herein. Wherefore, etc.

The cause was put at issue and submitted to the court for final hearing; and, at defendants' request, the court made a special finding of facts herein, and thereon stated its conclusion of law in favor of the plaintiff. Over defendants' exceptions to its conclusion of law, the court rendered its final judgment for plaintiff and decreed the foreclosure of the mortgage in suit, etc.

In this court, defendant Emma P. Crawford has separately assigned errors which call in question the rulings of the trial court in sustaining plaintiff's demurrers to each of the first and second paragraphs of her separate answer. In their brief of this cause, defendants' learned counsel have discussed together the questions presented here by these alleged errors, and we will consider and decide such questions in the same manner.

In the first paragraph of her separate answer, defendant Emma P. Crawford alleged that she then was, as she was at and prior to the execution of the mortgage sued on, a married woman, being the wife of her co-defendant, William R. Crawford; that no part of the indebtedness said mortgage was given to secure was her individual debt or the individual debt of her said husband, but was the debt of a firm of which he was a member; that, after the execution of said mortgage, to wit, on the — day of ——, 187–, the note described in such mortgage was renewed by the several makers thereof, except John F. Hazelrigg, who, by and with the plaintiff's consent, and without the knowledge and consent of said defendant, failed to sign said note as a maker. Wherefore she said that, the debt having been altered and changed without her consent, she was released, and she asked that the title to her interest in said real estate might be quieted.

In the second paragraph of her separate answer, said defendant alleged substantially the same facts as in the first

paragraph, except that she averred in such second paragraph, that, after the execution of the mortgage sued on, the payment of the note intended to be secured thereby was, for a a valuable consideration, and without her knowledge and consent, by the plaintiff and her co-defendant, and the other members of the firms of the Hazelrigg Carriage Co. and the Hazelrigg Carriage Works, extended for the period of ninety days.

The fundamental question presented for our decision by the alleged errors of the court below, in sustaining plaintiff's demurrers to the first and second paragraphs of Emma P. Crawford's separate answer herein, may be thus stated: Where a married woman has joined her husband in the execution of a mortgage on his real estate to indemnify and save harmless an endorser or surety upon the note or debt of her husband, or of him and others, in the event of a suit to foreclose such mortgage may she avail herself of a valid legal or equitable defence to protect, or prevent the sale of, her inchoate interest in such real estate, under such mortgage, should she survive her husband, or should his title to the real estate become absolute and vested in the purchaser at a judicial sale thereof under the mortgage? We are of opinion that this question must be answered in the affirmative. It is true, as we have often decided, that where a wife joins with her husband in the execution of a mortgage on his real estate, such mortgage as to the wife is not a "contract of suretyship" within the prohibition of section 5119, R. S. 1881, and is not void as to her for that reason. *Leary* v. *Shaffer*, 79 Ind. 567; *Dodge* v. *Kinzy*, 101 Ind. 102; *Cupp* v. *Campbell*, 103 Ind. 213; *Tennison* v. *Tennison*, 114 Ind. 424.

But in such case, we have also held, and correctly so, we think, that the wife occupies, as to her inchoate interest in the mortgaged real estate of her husband, a relation so far analogous to that of a surety as that she was entitled in equity to an order directing that the two-thirds of mortgaged real estate

should be first sold to satisfy the debt secured by the mortgage. *Leary* v. *Shaffer, supra.* In the case last cited, it was held that the inchoate interest of the wife in the lands of her husband was "a substantive right, carrying with it some equities," and that the equities were "of strength sufficient to entitle her to have an order incorporated in the decree directing an offer to be first made of the husband's interest in the land." It has always been held by this court, that the provisions of our statutes for the wife in the lands of her husband were a substitute for dower under the common law; and dower was defined to be "a legal, an equitable and a moral right." *Noel* v. *Ewing,* 9 Ind. 37; *McCord* v. *Wright,* 97 Ind. 34. It must be that the wife is entitled to invoke the aid of a court of equity in the defence of any suit, the object of which is to subject to sale her inchoate interest in the lands of her husband for the payment of his debt.

In the case in hand, if the facts stated in the first paragraph of Emma P. Crawford's separate answer are true, and, as they are well pleaded, their truth is admitted by plaintiff's demurrer, one of the makers of the note described in the mortgage sued on, by and with the plaintiff's consent, and without the knowledge and consent of said Emma P. Crawford, was released and discharged from liability for the note and debt secured by such mortgage. The note described was the principal thing, of which the mortgage sued on was merely an incident. To secure the payment of that note, and of the debt evidenced by that note, and to indemnify and save harmless the plaintiff, as endorser of that note, Emma P. Crawford, the wife, joined with her husband in the execution of the mortgage in suit upon his real estate. In legal effect, she thereby contracted and agreed with the plaintiff, that, if that note were not paid by any of the makers thereof, her inchoate interest, her legal, equitable and moral right in and to the mortgaged lands, might be sold and forever barred, for the indemnity of the plaintiff, under the decree of a competent court foreclosing such mortgage. She had the right

to insist upon a strict construction of her contract and agreement to and with the plaintiff.  If it be true, as alleged, that, after the execution of the mortgage sued on, the note therein described, with the consent of the mortgagee, the plaintiff herein, and without the knowledge and consent of defendant Emma P. Crawford, was so changed and altered, by the renewal thereof or otherwise, as that one of the makers of such note, John F. Hazelrigg, was released from liability thereon or for the debt evidenced thereby, then it must be held, we think, that the inchoate interest of said Emma P. Crawford—her " substantive right"—in the mortgaged real estate was thereby discharged and released from the lien of such mortgage, as fully and effectually as though she had never joined her husband in the execution thereof.

Under the law of this State, as it existed at the time of the execution of the mortgage sued on, on the 23d day of October, 1877, a married woman was protected by the disabilities imposed on her by the common law, and was incapable of binding herself by an executory contract.    *Thomas* v. *Passage,* 54 Ind. 106; *American Ins. Co.* v. *Avery,* 60 Ind. 566; *Liberty Tp. Draining Ass'n* v. *Watkins,* 72 Ind. 459 ; *Haas* v. *Shaw,* 91 Ind. 384, on p. 387; *Frazer* v. *Clifford,* 94 Ind. 482.

We need not argue, therefore, for the purpose of showing that said Emma P. Crawford was in no manner bound by the contract contained in the mortgage sued on, whereby " the mortgagors expressly agree to pay the sum of money above secured and hold the said mortgagee harmless therefrom," etc.   She was incapable of binding herself by such contract, at the time of its execution.   For the reasons given, we are of opinion that the facts stated by said Emma P. Crawford, in the first paragraph of her separate answer herein, were sufficient to constitute a perfect and complete defence to plaintiff's action to foreclose the mortgage sued on as against her, and that the demurrer to that paragraph ought to have been overruled.

The alleged error predicated upon the ruling of the court below in sustaining plaintiff's demurrer to the second paragraph of said Emma P. Crawford's separate answer herein, presents a very different question. That paragraph of answer proceeds upon the theory that the extension of the time of payment of a promissory note for a definite period of time, upon an agreement between the maker and holder for a valuable consideration, will release an endorser or surety, who does not consent to such extension, from all liability on the note. That theory is right, and accords with the law of this State. *Prather* v. *Young,* 67 Ind. 480, and cases cited.

It was not averred in the second paragraph of answer, as in the first paragraph, that there had been a change in the makers of the note described in the mortgage sued on, or that one of such makers, with plaintiff's consent, but without the knowledge or consent of said Emma P. Crawford, had been discharged and released from the debt evidenced by such note, by the taking of a new note in renewal thereof, to which new note such maker was not a party. The note described in the mortgage sued on was apparently the joint and several note of all the makers thereof, and plaintiff was the only endorser or surety thereon. Under the averments of the second paragraph of said Emma P. Crawford's answer, it is certain that plaintiff was not released from liability as an endorser of the note by the extension of the time of its payment, for it was alleged that plaintiff was a party to such extension. Defendant Emma P. Crawford was not a party to such note, in any capacity, and the mere extension of the time of its payment, as alleged, did not affect her or her inchoate rights in the mortgaged property, in any manner or to any extent. The demurrer to the second paragraph of her separate answer was correctly sustained.

Defendant William R. Crawford has separately assigned here as error the ruling of the court below in sustaining plaintiff's demurrer to the second paragraph of his separate answer herein. In that paragraph of his answer said defendant al-

leged that the cause of action mentioned in the complaint herein did not accrue within six years before the commencement of this suit. We are of opinion that the court did not err in sustaining plaintiff's demurrer to this paragraph of answer.

Plaintiff's action is founded on the mortgage described in his complaint herein. If that mortgage had been one of indemnity merely, if it had not contained a covenant or express agreement by the mortgagor, William R. Crawford, " to pay the sum of money " secured thereby, then the facts stated in the second paragraph of his answer would have been sufficient to withstand the demurrer thereto, and, if sustained by the evidence, to have constituted a complete and absolute bar to plaintiff's action. *Lilly* v. *Dunn,* 96 Ind. 220, and cases there cited; *Nichol* v. *Henry,* 98 Ind. 34; *Post* v. *Losey,* 111 Ind. 74.

Where, however, as in the case under consideration, the mortgage sued on contains a covenant or express agreement by the mortgagor to pay the sum of money secured thereby, it is settled by our decisions that an answer setting up the six years clause of our statute of limitations as a defence in bar of the action, is clearly bad on demurrer thereto for the want of sufficient facts. *Ætna Life Ins. Co.* v. *Finch,* 84 Ind. 301; *Lilly* v. *Dunn, supra; Nichol* v. *Henry, supra; Catterlin* v. *Armstrong,* 79 Ind. 514; *Bridges* v. *Blake,* 106 Ind. 332.

The demurrer to the second paragraph of William R. Crawford's answer, therefore, was correctly sustained.

Each of the defendants has assigned error upon the court's conclusion of law on its special finding of facts; but, as the judgment must be reversed for the error already pointed out, we need not and do not consider the other errors of which defendants complain.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the first paragraph of Emma P. Crawford's separate answer, and for further proceedings not inconsistent with this opinion.

Filed Nov. 26, 1888; petition for a rehearing overruled Jan. 23, 1889.