Filed April 14, 1891.

---

No. 92.

MCNAGNEY ET AL. *v.* FRAZER, EXECUTOR, ET AL.

ATTORNEY AND CLIENT.—*Attorney's Fee.*—*Statute of Limitations.*—*Establishment of Lien upon Judgment.*—Where an attorney renders services in a suit, on the promise of his client that he shall be paid out of the proceeds of the judgment, and acquires no lien on the judgment for his fees by a compliance with the statute, he can not, after his claim is barred in a suit at law by the statute of limitations, prosecute a suit in equity to have a lien established upon the judgment.

EQUITY.—*Statute of Limitations.*—A demand that is barred by the statute of limitations, in a suit at law, can not, ordinarily, be enforced in equity.

From the Kosciusko Circuit Court.

McNagney *et al. v.* Frazer, Executor, *et al.*

E. *Haymond,* L. W. *Royse* and P. H. *Clugston,* for appellants.

G. M. *Ray* and S. J. *Worth,* for appellees.

CRUMPACKER, J.—At the April term, 1889, of the Kosciusko Circuit Court the appellants filed a petition in the nature of an adverse proceeding in said court against the appellees, stating, substantially, these facts. We quote from brief of appellants' counsel :

" Prior to the year 1877 one Jacob Boss died in Kosciusko county, Indiana ; that Hon. James S. Frazer was duly appointed and qualified as the executor of said decedent's estate, and is still acting as such ; that said decedent left surviving him his widow, the appellee Nellie P. Boss, who filed her claim against said estate for a large sum of money upon a number of causes of action ; that said executor vigorously contested said claim, and the venue thereof was changed to the Whitley Circuit Court ; that at the time of said change appellants were practising attorneys in said court, and had a reputable and fairly successful practice therein ; that said claimant employed them as such attorneys to assist in the trial of said cause, agreeing to pay them a reasonable fee for such services as they might render therein, which fee she agreed should be paid out of any judgment recovered in said cause ; that said cause was a difficult and important one, and required much time and skill in its preparation and trial ; that under said employment appellants did, as attorneys, assist the claimant's other attorneys in the trial of said cause, which services were reasonably worth $125 ; that said claimant recovered in said suit in September, 1877, a judgment of allowance of $8,530 against said estate, which, upon appeal, was affirmed by the Supreme Court; that appellants' said services aided and assisted said claimant in recovering said judgment, and that she could not have safely tried her cause in said court without such services ; that said sum of $125 remains wholly unpaid ; that said estate of Boss has never been

settled, but is pending in the court below; that said Frazer, executor, has now in his hands more than $200 which remains due on the judgment so recovered, and which he is ready and willing to pay in discharge thereof; that said claimant is insolvent, and is endeavoring to cheat and defraud appellants out of pay for their services; that unless they can get relief under said petition they are without remedy."

Wherefore an order was prayed establishing a lien upon the judgment in favor of the appellants for the amount due them, and directing the executor to pay such lien out of the assets of the estate.

The appellees appeared to the petition, filed separate demurrers thereto, which were sustained, and appellants excepted.

Judgment was rendered denying the relief prayed for in the petition, hence this appeal.

Both parties agree that the question of the statute of limitations is presented by the demurrer, as it appears upon the face of the petition that the appellants' claim for services accrued about twelve years before the commencement of this proceeding, and it is not within any of the exceptions of the statute.

Appellants' claim against the appellee Boss for services performed by them for her in obtaining a judgment against the estate of her deceased husband accrued in 1877, and is a legal demand pure and simple. They acquired no specific lien on the judgment by entering upon the docket, where it was recorded, notice of their intention to hold a lien thereon as provided in section 5276, R. S. 1881. They took no assignment of the judgment or any part of it to secure payment for their services, but relied upon the promise of Mrs. Boss to pay them out of the proceeds of the judgment.

Counsel for appellants very earnestly insist that the judgment in favor of Mrs. Boss against the estate of her deceased husband was largely the result of appellants' services,

and that in equity and good conscience they should have a lien upon such judgment for the reasonable value of their services, notwithstanding their non-compliance with the statute upon the subject of attorneys' liens, and that the statute of limitations does not run against such equitable lien.

It is conceded that the appellants' claim for services would be barred in a suit at law.

The rules of equity are founded largely upon the analogies of the law, and a demand that is barred by the statute of limitations in a suit at law can not ordinarily be enforced in equity. Particularly is this true when applied to demands of a legal nature sought to be enforced by the aid of equitable remedies. In claims of an equitable nature the rules of law are not. so strictly followed, but the chancellor will grant or withhold relief according to the equities of the particular case. The appellants' claim in this case, however, is a legal demand, and the fact that they seek to enforce its collection by the aid of equitable remedies does not change its nature nor authorize the application of a different rule upon the subject of limitation than if they were seeking to enforce it by distinctively legal remedies. Story Eq. Juris., section 529.

The principal right being the demand against Mrs. Boss, the alleged equitable lien is only an incident, and where the demand is barred by the statute of limitations the lien becomes extinguished. This can not be regarded as a debatable question in this State. *Lilly* v. *Dunn*, 96 Ind. 220.

There may be exceptions to this general rule, as, for instance, if a lien-holder should take and hold possession of the property pledged to secure his debt, his lien would not become extinguished if his debt should become barred, but it is enough to say that the case in hand does not come within the operation of any of the exceptions.

If the application of the rules of law to the appellants' claim will result in a hardship to them they have no reason

to complain, for the law afforded them an ample remedy and if by their own laches or indulgence they have lost it the fault is theirs.

The conclusion we have reached upon this question renders it unnecessary for us to decide whether the statute upon the subject of attorneys'. liens is exclusive, or whether an equitable lien may be acquired and enforced notwithstanding the provisions of the statute.

The judgment is affirmed, with costs.

Filed April 15, 1891.